The defendant, John McDaniel, was indicted for selling intoxicating liquor without a license therefor under the statute of the State. For the defendant it was proved that the liquor in question was sold by his wife who was keeping a small store in her own name, and as the sole and separate owner of the goods in it, and for which she held a U. S. Government license issued to her in her name. It also appeared from the evidence in the case that she and the defendant were living together as husband and wife in the house in one of the rooms of which the store was kept by her, but that he had nothing *Page 507 
to do with the store, and was not present when the liquor was sold by her, and that he had often remonstrated with her against selling intoxicating liquor.
For the defendant it was contended that in such a case the wife, and not the husband, was indictable for selling the liquor, particularly, since the passage of the act of the legislature enlarging the rights, powers and liabilities of married women, and expressly empowering them to engage in and carry on such business with all the legal rights and liabilities in relation to it, of single or unmarried women. Rev.Code 370, Sec. 2. 2 Russ. on Crimes, 21, 23. They might have been indicted jointly, and he might have been alone convicted of the offense, but he alone could not be indicted and convicted of it.
that notwithstanding the statutes referred to enlarging the powers and liabilities of married women in matters of contract, and exempting them when trading in their own names, as well as unmarried women, in goods, wares and merchandize whose purchases are less than one thousand dollars per annum, from taking out retailer's licenses therefor, they were in law, still subject to the control of their husbands as heretofore, so long as they lived with them, in respect to what should or should not be done by them in their own houses wherein they live together as husbands and wives, and particularly, to prevent and prohibit them from committing a public offense against the laws of the State; for it was no part of the purpose of either of those statutes to alter or modify the legal relations or liabilities of married women, as heretofore recognized and established in respect to any crime or misdemeanor committed by them.
 Verdict — "Guilty."